Jody M. McCormick, WSBA #26351
Daniel J. Gibbons, WSBA #33036
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201
Phone: (509) 624-5265
Fax: (509) 458-2728
jmm@witherspoonkelley.com
djg@witherspoonkelley.com
*Attorneys for Plan Agent,*
*Critical Point Advisors, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

GRAY LAND & LIVESTOCK, LLC

Debtor.

NO. 19-00467-FPC11

OBJECTION TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

Critical Point Advisors, LLC ("CPA"), the Plan Agent as set forth in the confirmed Second Amended Plan of Liquidation (the "Plan") and the Trustee under the Grantor Trust Agreement (the "Trust Agreement") objects to the Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(a) and Payment Thereof (the "Motion") (Docket No. 310) filed by the Orville Thomas Gray and Lynda Lee Gray Living Trust (the "Parents' Trust") as set forth below. Initially, the Motion was filed "to reserve the right of the [Parents'] Trust and Lynda Gray to assert and obtain approval of such claims after determination as to the effectiveness of the Assignment and the

OBJECTION TO MOTION FOR
ADMINISTRATIVE EXPENSE
CLAIM - 1
S206728

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

19-00467-FPC11    Doc 323    Filed 08/13/20    Entered 08/13/20 10:58:45    Pg 1 of 5

rejection and termination of the Lease as asserted by the [Parents'] Trust and Lynda Gray, if necessary." Motion, ¶ 10. CPA acknowledges that the Motion was filed within the timeframe required by the Second Amended Plan of Liquidation (Docket No. 286), and therefore the Parents' Trust's right to assert and obtain administrative expense treatment has been preserved.

Determination of the many issues raised in the Motion is beyond the scope of simply granting or denying an administrative expense. While CPA and the Parents' Trust are seeking expedited approval of a tolling arrangement to avoid the need to presently file an adversary proceeding, CPA intends, unless another resolution can be achieved, to file an adversary proceeding against the Parents' Trust by August 18, 2020 (or such later date as may be approved by the Court) seeking to determine and declare the validity and extent of the parties' interest in the real property subject to the Lease and Option to Purchase. Accordingly, there is *no present* need for the Court to determine what if any right the Parents' Trust may have to an administrative expense claim and doing so could run afoul of issues not properly before the Court that will be determined in the adversary proceeding. Therefore, CPA requests that the Court's determination of the Motion be deferred for the present time.

Subject to the foregoing, CPA objects to the Motion as follows:

1. Parents' Trust's proof of claim was filed more than one year after the claims bar date, and no motion to file a late claim has been filed. While disputed by

OBJECTION TO MOTION FOR
ADMINISTRATIVE EXPENSE
CLAIM - 2
S206728



422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

the Parents' Trust, the docket shows that notice was provided to the Parents' Trust trustees of the filing of the Debtor's Schedule G, as well as the Debtor's Motion for Use of Cash Collateral. Docket Nos. 25 & 33. The proof of claim is untimely and subject to disallowance under the Plan.

2. Paragraph 15 of the Farm Lease Agreement with Option to Purchase (the "Agreement") specifically authorizes Rick T. Gray to assign the Agreement to any entity in which he owns no less than fifty percent, without any consent of the Parents' Trust. Importantly, the Agreement does not prohibit assignment of the Agreement or execution of the option in the event the lessee or assignee is in default.

3. The Parents' Trust's position that the alleged failure to assume the Agreement within the timeframe set forth in Section 365(d)(4) somehow resulted in termination of the agreement is incorrect as a matter of law. In re Ortiz, 400 B.R. 755, 762-63 (Bankr. D. Nev. 2009); In re Bergt, 241 B.R. 17, 25 (Bankr. D. Alaska 1997). The Agreement was never terminated.

4. To be deemed an administrative expense under Section 503(b)(1)(A), the moving party must meet two requirements: (1) the claim must have arisen from a transaction with the debtor; and (2) the transaction must have substantially benefitted the estate. Abercrombie v. Hayden Corp. (In re Abercrombie), 139 F.3d 755, 757 (9th Cir. 1998); In re 800Ideas.com, Inc., 496

OBJECTION TO MOTION FOR
ADMINISTRATIVE EXPENSE
CLAIM - 3
S206728



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300       Fax: 509.458.2728

19-00467-FPC11    Doc 323    Filed 08/13/20    Entered 08/13/20 10:58:45    Pg 3 of 5

B.R. 165, 175 (9th Cir. B.A.P. 2013). CPA's investigation into the assets indicates that the 2020 crop will yield far less than the Debtor has represented. In addition, at this time there is question whether CPA will be able to recover on crop insurance associated with the 2020 crop. The benefit to the estate of *use of the property* is, at a minimum, subject to question. (There is certainly value to the estate associated with its interest in the property itself.) The Motion does little more than assume that because the property was "used" in a farming operation that a substantial benefit accrued to the estate. Rather, it appears that the only substantial benefit any party could claim is or was to the Parents' Trust.

5. No declaration or other document setting forth an evidentiary basis to support the Motion has been filed. Without such evidence, the Parents' Trust cannot meet its burden under Section 503 and the applicable case law.

//

//

//

//

//

//

//

OBJECTION TO MOTION FOR
ADMINISTRATIVE EXPENSE
CLAIM - 4

S206728

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

For the reasons set forth above, the Court's consideration of the Motion should be deferred. To the extent the Court considers the Motion at this time, the Motion should be denied for the reasons state above.

DATED this 13th day of August, 2020.

WITHERSPOON · KELLEY

By: */s/ Daniel J. Gibbons*
    Daniel J. Gibbons, WSBA #33036
    *Attorneys for Plan Agent,*
    *Critical Point Advisors, LLC*

OBJECTION TO MOTION FOR ADMINISTRATIVE EXPENSE CLAIM - 5
S206728

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

19-00467-FPC11   Doc 323   Filed 08/13/20   Entered 08/13/20 10:58:45   Pg 5 of 5