Jody M. McCormick, WSBA #26351
Daniel J. Gibbons, WSBA #33036
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201
Phone: (509) 624-5265
Fax: (509) 458-2728
jmm@witherspoonkelley.com
djg@witherspoonkelley.com
*Attorneys for Plan Agent,*
*Critical Point Advisors, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

GRAY LAND & LIVESTOCK, LLC

Debtor.

NO. 19-00467-FPC11

MOTION TO APPROVE SETTLEMENT

Critical Point Advisors, LLC ("CPA"), the Plan Agent under the confirmed Second Amended Plan of Liquidation and the Trustee under the Grantor Trust Agreement, moves the Court to approve a settlement with Lynda Lee Gray and the Orville Thomas Gray and Lynda Lee Gray Living Trust (collectively, the "Parents' Trust"). The rights of CPA and the Parents' Trust regarding the Farm Lease and option to purchase contained in the Farm Lease were specifically reserved for determination by the Court during confirmation. Docket No. 288, p. 5. Pursuant to the Plan, Grantor

MOTION TO APPROVE
SETTLEMENT- 1
S2119742



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

Trust Agreement and FRBP 9019(a), CPA now requests that the Court approve the compromise of that dispute.

As discussed below, the settlement is fair and reasonable, is in the interest of the estate and creditors and will result in the estate receiving approximately $600,000 in immediately available cash, as well as other compensation. Filed herewith in support of this Motion is the Declaration of Brian Birdsall.

## I.    BACKGROUND.

*A.    The Dispute Regarding the Farm Lease.*

The settlement (the "Proposed Settlement") arises from disputes regarding a Farm Lease Agreement with Purchase Option (the "Farm Lease"), the assignment (or alleged assignment) of the Farm Lease from Rick Gray to Debtor Gray Land & Livestock, LLC (the "Debtor"), and whether the option to purchase contained in the Farm Lease was timely and properly exercised. As stated above, the resolution of the parties' rights and interests was specifically reserved during confirmation. Docket No. 288. CPA and the Parents' Trust also entered into a tolling agreement to allow them to focus on resolution of the dispute, rather than initiating litigation. Docket No. 332. Copies of the Farm Lease, the assignment of the Farm Lease and the letter exercising the option to buy are attached to the Declaration of Brian Birdsall as Exhibits A-C.

CPA's position is that the Farm Lease was properly assigned to the Debtor, and that the option to purchase was properly exercised. The Parents' Trust disputes that the

MOTION TO APPROVE
SETTLEMENT- 2
S2119742

 WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

assignment of the Farm Lease was timely and proper, and disputes that the option to purchase was timely and properly exercised. Also, the Parents' Trust's disputes that the Farm Lease may be assumed under Section 364(d)(4), and therefore the option was not properly exercised and the option to purchase has now expired. *See e.g.* Docket Nos. 236, 237, 263 & 275. In addition, the Parents' Trust has moved the Court for approval of an administrative expense in the amount of $100,000 based on unpaid rent and has filed a proof of claim in the total amount of $200,000. Docket No. 310 & Claim No. 18. Absent settlement, CPA and the Parents' Trust would be required to litigate this dispute.

B.  *CPA's Power and Authority.*

The recitals contained in the Second Amended Plan of Liquidation (the "Plan", Docket No. 286) recognize that the CPA has discretion to operate the business. Docket No. 286, p. 5. In addition, the Plan specifically empowers CPA to use, sell, or otherwise dispose of the assets of the estate to convert the estate assets to cash as expeditiously as reasonably possible. Docket No. 286, § 4.4c. Also, CPA is vested with the authority to resolve Disputed Claims and the discretion reasonably necessary to effectuate the Plan. Docket No. 286, § 4.4c. CPA is vested with discretion to assume or reject executory contracts and unexpired leases. Docket No. 286, § 5.1. Likewise, the Grantor Trust Agreement specifically authorizes CPA, in CPA's discretion, to compromise or otherwise resolve all claims, demands, rights and actions of the Debtor or the estate. Docket No. 286, Exh. 2, §6.2. Where the demand or complaint exceeds $25,000, CPA

MOTION TO APPROVE
SETTLEMENT- 3
S2119742

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

is required to provide notice to those creditors on the Service List. Docket No. 286, Exh. 2, §6.3. CPA is empowered to exercise sole control over the Trust Assets, manage and liquidate the Trust Assets, and engage in any business using the Trust Assets reasonably necessary to and consistent with the liquidating and distributing purpose of the Grantor Trust, specifically with the goal of obtaining the maximum value possible for creditors. Docket No. 286, Exh. 2, §§ 7.2(a), (b)(1) & 7.3(a).

C.  *The Proposed Settlement.*

On October 26, 2020 CPA provided notice of the Proposed Settlement. Decl. of Brian Birdsall, Exh. D. In simple terms, the Proposed Settlement resolves all of the matters between the parties. The Parents' Trust will buyout any interest of CPA in the farmland that is subject to the Farm Lease, assign all rights in $396,807.78 in insurance proceeds to CPA, and waive its claims. The principal terms of the settlement include:

- The existing Farm Lease will be rejected and replaced with a new Farm Lease Agreement that does not contain an option to purchase the property (the "New Lease");

- The Parents' Trust will disclaim any interest in casualty insurance proceeds of $396,807.78 causing them to be retained by CPA;

- The Parents' Trust will withdraw its $200,000.00 claim (part of which is claimed to be a general unsecured claim and part of which is alleged to qualify for administrative expense priority) and disclaim any right to payment from the bankruptcy estate, including a potential lease rejection claim for an additional $100,000.00, other than payments due under the New Lease and for 2nd half 2020 taxes paid;

MOTION TO APPROVE
SETTLEMENT- 4
S2119742


WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300             Fax: 509.458.2728

19-00467-FPC11    Doc 384    Filed 11/13/20    Entered 11/13/20 15:57:13    Pg 4 of 13

- The Parents' Trust will convey 20,000 bushels of wheat to the bankruptcy trust, which had been previously abandoned by CPA to the Parents' Trust; and

- The Parents' Trust will pay $200,000.00 in cash to CPA.

In simple terms, the Proposed Settlement will provide immediate cash to the estate, and allow CPA to avoid litigation expenses, avoid the cost of curing the default on the Farm Lease, and avoid any administrative expenses associated with exercising the option. The Proposed Settlement provides net value to the estate of $800,000.00 (cash *plus* claim resolution) in addition to saving the estate the cost and uncertainty of litigation. The entirety of the Proposed Settlement is set forth in Exhibit D attached to the Declaration of Brian Birdsall.

On November 9, 2020, the Debtor filed an objection to the proposed settlement (the "Objection") (Docket No. 380). The Objection also raises issues on behalf of Rick Gray. The filing of the Objection requires CPA to seek court approval of the proposed settlement. Therefore, CPA requests that the Court grant this Motion and approve the proposed settlement.

## II. ARGUMENT.

As stated above, the Plan and Grantor Trust Agreement grant CPA the authority to settle matters. In the event of an objection where the amount at issue exceeds $25,000, CPA must obtain court approval of the settlement. Docket No. 286, Exh. 2, §6.3. Settlement of this matter is well within the authority vested in CPA under the Plan

MOTION TO APPROVE
SETTLEMENT- 5
S2119742



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

and Grantor Trust Agreement. In addition, the Proposed Settlement satisfies the requirements of Federal Rule of Bankruptcy Procedure 9019(a). FRBP 9019(a) provides "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Compromise and settlements are favored under the law and by the Courts. Martin v. Kane (In re A&C Props.), 784 F.2d 1377, 1381 (9th Cir. 1986). Accordingly, the Bankruptcy Court has "great latitude in approving compromise agreements." In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988). In considering approval of settlements, the Court focuses on determining whether the proposed settlement is reasonable under the circumstances. Id.

The inquiry "turns on the question of whether the compromise is in the best interest of the estate." Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Atkinson), 242 B.R. 497, 502 (9th Cir. B.A.P. 1999). The Court's role in reviewing settlements under Rule 9019(a) is limited. In re Pac. Gas & Elec., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). The Court does not conduct an exhaustive investigation or conduct a mini-trial on the merits of the issues. Id. Rather, the Court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable. Id. The benchmark is that a settlement agreement must "'not fall below the lowest point in the range of

MOTION TO APPROVE
SETTLEMENT- 6
S2119742

 WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

19-00467-FPC11   Doc 384   Filed 11/13/20   Entered 11/13/20 15:57:13   Pg 6 of 13

reasonableness.'" Id. at 417 (quoting In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991)).

The Court considers four factors to determine if the settlement is fair, reasonable and adequate:

> (a) The probability of success in litigation; (b) the difficulties if any, to be encountered in collection; (c) the complexity of the issues involved, the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Martin v. Kane, (In re A & C Props.), 784 F.2d at 1381. Importantly, "it is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement. Pac. Gas & Elec. Co., 304 B.R. at 417 (citing In re WCI Cable, Inc., 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). As a whole, these factors weigh in favor of approval of the Proposed Settlement.

*A. The Probability of Success in Litigation.*

The parties believe their positions are supported by the facts and law, and both believe they have strong possibilities of success on the merits. The parties also recognize the uncertainties of litigation and believe the Proposed Settlement is a fair and reasonable compromise considering the risk, time, uncertainty and expense of litigation. Decl. of Brian Birdsall, ¶ 8. As stated above, the authority and discretion to compromise this claim is vested in CPA under the Plan and Grantor Trust Agreement.

MOTION TO APPROVE
SETTLEMENT- 7
S2119742



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300

Phone: 509.624.5265
Fax: 509.458.2728

### B. The Difficulties if Any to be Encountered in Collection.

This factor is not relevant under the circumstance here. A money judgment will not be the relief sought by CPA in any litigation with the Parents' Trust. Rather, if litigated, this matter will turn on a declaratory judgment from the Court regarding whether or not the Farm Lease was timely and properly assigned and whether the option to buy was timely and properly exercised. No particular difficulty would be encountered in collection because in the event CPA were to prevail in litigation with the Parents' Trust CPA would not be seeking to collect.

### C. Complexity of the Issues, and Time and Expense of Litigation.

The litigation necessary to resolve the issues between the Parents' Trust and CPA would involve, at a minimum, resolving CPA's objection to the Parents' Trust motion for administrative expense, resolving an objection to the Parents' Trust proof of claim, and a declaratory judgment action to determine whether the assignment of the Farm Lease was proper and whether the option was properly exercised. Also, in the event CPA were to lose the litigation, the estate would have little or no recovery. The issues involved are complex, time consuming and expensive. Proceeding with the litigation would necessarily delay distribution to creditors. The Proposed Settlement avoids litigation with the Parents' Trust and the expense and delay associated with that litigation. The Proposed Settlement also avoids potential litigation with Bailey & Busey for failure to

MOTION TO APPROVE
SETTLEMENT- 8
S2119742



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100       Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

properly assume the Farm Lease in the event litigation with the Parents' Trust is unsuccessful.

*D. Interest of Creditors.*

Notably, no **creditor** receiving notice of the Proposed Settlement has objected. In addition, creditors will have the opportunity to object to this Motion in the event they disagree with CPA's view of the Proposed Settlement. Mr. Gray has not filed a proof of claim in this case, and the deadline for doing so has long passed. Mr. Gray's interest is not relevant here.

The Proposed Settlement is in the best interest of creditors not only because it brings $800,000.00 in value to the estate, but it also resolves the uncertainty of the estate's ability to market the leased land under the new lease along with the other property owned by the estate in fee simple. The Debtor operated the leased property in Klickitat County along with the property held in fee as one wheat farm. Under the new lease, the going concern of the operation is preserved, which will likely increase the value of the property held in fee when that property is marketed for sale. Further, the Proposed Settlement is in the best interest of creditors because CPA will avoid the cost of financing the acquisition of the property (to exercise the option to purchase the property, the estate would have to pay the Parents' Trust $1 to 1.25 Million – the exact amount is disputed by the parties), and the delay and cost in later marketing and selling the property.

MOTION TO APPROVE SETTLEMENT- 9
S2119742



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300

Phone: 509.624.5265
Fax: 509.458.2728

## III. RESPONSE TO GRAY LAND & LIVESTOCK, LLC AND RICK GRAY.

CPA agrees that Bailey & Busey's representation of the Debtor "is not allowed by the Washington Rules of Professional Conduct." Objection, p. 2. CPA has no objection to Bailey & Busey's motion to withdraw. It is unknown why this conflict was not addressed earlier. Likewise, it is not clear that Bailey & Busey would not be presented by a conflict of interest in representing Rick Gray.[1] The objections raised by the Debtor and Mr. Gray are briefly addressed below.

*A. No Evidence Supports the Objection that the Value of the "Trust Property" Substantively Exceeds the Amounts to be Received by CPA.*

Paragraph 4 of the Objection states "The Debtor objects to this settlement because it believes the value of the property is greater than the value to CPA under the Proposed Settlement." No further argument is made. No evidence supporting the Debtors' position has been submitted. No argument is made that the Proposed Settlement is somehow outside the range of reasonableness, not beneficial to the estate, or otherwise fails to comply with FRBP 9019(a) and the related case law. Again, the Proposed Settlement does not require CPA to borrow funds to buy the farm property, only to turn around and sell the property in short order. Thus, CPA will save interest, legal expenses and carrying costs by not borrowing money to buy the farmland. Also, by not needing to sell the property, CPA will save closing costs and brokerage fees on the subsequent

---

[1] CPA reserves all rights to pursue any and all violations of RPC 1.6, 1.7, 1.8, 1.9 and other parts of the Rules of Professional Conduct as to the representation of the Debtor and/or Rick Gray.

MOTION TO APPROVE
SETTLEMENT- 10
S2119742



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100　　Phone: 509.624.5265
Spokane, Washington 99201-0300　　　　Fax: 509.458.2728

sale of the property.  Again, CPA is vested with the authority and discretion to make this decision under the Plan and Grantor Trust Agreement.  The consideration being received by CPA as a result of the Proposed Settlement is fair and reasonable, and in the best interest of the estate and creditors.

*B. No Evidence Supports Rebuilding the Farmhouse.*

Paragraph 5 of the Objection suggests that the value will be added by using the insurance proceeds to rebuild a farmhouse that was located on the property.  There is no evidence or analysis showing that any supposed additional value rebuilding the farmhouse would provide.  The Proposed Settlement is fair and reasonable, and in the best interest of the estate and creditors.

*C. Mr. Gray has not Filed any Claim in this Case.*

The claims bar date was May 29, 2019.  Docket No. 3.  Mr. Gray has not filed any claim in the case.  The deadline for seeking administrative claims has expired.  Docket No. 286, § 2.1(a).  Mr. Gray appears to claim some interest in the insurance proceeds but does not explain how he can do so without having filed a proof of claim or obtaining an order approving an administrative expense.  If Mr. Gray has a proper basis for claiming an interest in property of the estate, grounded in law and fact, he should have asserted it by now.

MOTION TO APPROVE
SETTLEMENT- 11
S2119742


WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100  Phone: 509.624.5265
Spokane, Washington 99201-0300  Fax: 509.458.2728

*D. The Proposed Settlement is Intended for the Benefit of Creditors, Not Mr. Gray.*

Paragraph 7 of the Objection complains that Mr. Gray is not being released from potential liability under the Farm Lease. It is not clear why Mr. Gray raises this issue. The existing Farm Lease is being rejected and replaced. The Farm Lease will be terminated along with any liability Mr. Gray may have thereunder. Mr. Gray will not be a lessor on the new lease. It is not clear what liability Mr. Gray could face under these circumstances. The Proposed Settlement actually benefits Mr. Gray personally despite his assertions to the contrary.

*E. CPA has Rejected Mr. Gray's Offers.*

Mr. Gray is aware that his offers to buy all of the estate assets have been rejected. Decl. of Brian Birdsall, ¶¶ 9 & 10. The proposed purchase price for both offers was inadequate, Mr. Gray's ability to obtain financing appears to be slim in CPA's estimation, the offers required CPA to successfully litigate whether the option to purchase was properly exercised and required CPA to negotiate payment terms for that property. Decl. of Brian Birdsall, Exh. E & F. Both offers were exceedingly self-serving. They benefited Mr. Gray and harmed the creditors. Both the Plan and Grantor Trust Agreement vests CPA with the authority and discretion to exercise its business judgment in managing and liquidating estate assets. CPA exercised that authority and discretion to decline Mr. Gray's offers.

MOTION TO APPROVE
SETTLEMENT- 12
S2119742



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

19-00467-FPC11    Doc 384    Filed 11/13/20    Entered 11/13/20 15:57:13    Pg 12 of 13

## IV. CONCLUSION.

For the reasons set forth above, the Court should approve the Proposed Settlement. The Proposed Settlement is fair and reasonable, will benefit creditors, will avoid the costs and expense of litigation, will make other estate assets more marketable and hasten distributions to creditors.

DATED this 13th day of November, 2020.

                WITHERSPOON · KELLEY

                By: */s/ Daniel J. Gibbons*
                      Daniel J. Gibbons, WSBA #33036
                      *Attorneys for Plan Agent,*
                      *Critical Point Advisors, LLC*

MOTION TO APPROVE SETTLEMENT- 13
S2119742


WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

19-00467-FPC11    Doc 384    Filed 11/13/20    Entered 11/13/20 15:57:13    Pg 13 of 13