Jody M. McCormick, WSBA #26351
Daniel J. Gibbons, WSBA #33036
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201
Phone: (509) 624-5265
Fax: (509) 458-2728
jmm@witherspoonkelley.com
djg@witherspoonkelley.com
*Attorneys for Plan Agent,*
*Critical Point Advisors, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | NO. 19-00467-FPC11 |
| GRAY LAND & LIVESTOCK, LLC | MOTION TO APPROVE SETTLEMENT WITH GRANT CONSTRUCTION AND MOTION TO SHORTEN TIME |
| Debtor. | |

## I.    MOTION TO APPROVE SETTLEMENT AGREEMENT

Critical Point Advisors, LLC ("CPA"), the Plan Agent under the confirmed Second Amended Plan of Liquidation and the Trustee under the Grantor Trust Agreement, moves the Court to approve a settlement with Grant Construction Co. Inc. Profit Sharing Plan ("Grant Construction"). The settlement with Grant Construction is straight forward. In exchange for conveyance of real property with an approximate value of $96,000.00 by CPA, Grant Construction will release its secured and unsecured claims against the estate in the amount of $163,316.78. Grant Construction will also

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 1

**Wk** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

take the real property subject to past due real estate taxes in the amount of $1,578.52.
Finally, the settlement fully satisfies a judgment in favor of Grant Construction avoiding
the expense and time associated with a lien avoidance action. Pursuant to the Plan,
Grantor Trust Agreement and FRBP 9019(a), CPA requests that the Court approve the
settlement. Because other settlements are currently before this Court, CPA will refer to
the settlement agreement which is the subject of this Motion as the "Proposed Grant
Construction Settlement."

As discussed below, the settlement is fair and reasonable, is in the best interest of
the estate and creditors and will result in a positive net benefit to the estate in the form
of a claim resolution of $68,895.30. Filed herewith in support of this Motion is the
Declaration of Brian Birdsall.

## I. BACKGROUND.

### A. *Grant Construction Claim.*

Debtor is indebted under a Promissory Note dated as of March 24, 2014 in the
original principal amount of One Hundred Thousand Dollars ($100,000.00) (the
"Note"). (Claim No. 15-1, Ex. 2). The Note is secured by a Mortgage, recorded with
the Klickitat County Recorder under Instrument No. 1107500 (the "Mortgage"),
encumbering two parcels of agricultural real property located in Klickitat County,
Washington. (Claim No. 15-1, Ex. 3).

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 2



**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

The Note and Mortgage were assigned to Lender on March 25, 2014. An Assignment of Mortgage was recorded with the Klickitat County Recorder under Instrument No. 1107570 (the "Assignment"). (Claim No. 15-1, Ex. 4).

Lender brought an action against Debtor to enforce the Note and Mortgage in the Klickitat County Superior Court, Cause No. 18-2-156-20 and obtained a Judgment and Decree of Foreclosure on February 5, 2019 (the "Judgment"). (Claim No. 15-1, Ex. 1).

On July 18, 2019, Lender timely filed a Proof of Claim in the Bankruptcy for $163,316.78 (the "Claim"). (Claim No. 15-1).

While the lien created by the Judgment, prior to the Bankruptcy, creates a lien on all of Debtor's real property located in Klickitat County under RCW 4.56.190, the Judgment is subject to avoidance under 11 U.S.C. §547 on Debtor's real property other than the Property.

Both the Debtor, in its schedules, and Grant Construction, in the Claim, value the Property at $96,000.00. (Docket No. 19; Claim No. 15-1).

B.    *CPA's Power and Authority.*

The recitals contained in the Second Amended Plan of Liquidation (the "Plan", Docket No. 286) recognize that the CPA has discretion to operate the business. Docket No. 286, p. 5. In addition, CPA is vested with the authority to object to Claims, resolve Disputed Claims and prosecute Avoidance Actions on behalf of the estate. Docket No. 286, §4.4c. Likewise, the Grantor Trust Agreement specifically authorizes CPA, in

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 3



WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300             Fax: 509.458.2728

CPA's discretion, to compromise or otherwise resolve all claims, demands, rights and actions of the Debtor or the estate. Docket No. 286, Exh. 3, §6.2. Where the demand or complaint exceeds $25,000, CPA is required to provide notice to those creditors on the Service List. Docket No. 286, Exh. 3, §6.3. CPA is empowered to exercise sole control over the Trust Assets, manage and liquidate the Trust Assets, and engage in any business using the Trust Assets reasonably necessary to and consistent with the liquidating and distributing purpose of the Grantor Trust, specifically with the goal of obtaining the maximum value possible for creditors. Docket No. 286, Ex. 2, §§7.2(a), (b)(1) & 7.3(a).

C.    *The Proposed Grant Construction Settlement.*

On December 15, 2020, CPA provided notice of the Proposed Grant Construction Settlement. Decl. of Brian Birdsall, Ex. A. In simple terms, the Proposed Grant Construction Settlement fully resolves Grant Construction's secured and unsecured claims and avoids the need for CPA to bring an avoidance action to remove the cloud on title that the Judgment creates on all of the real property owned by the Debtor in Klickitat County. The principal terms of the settlement include:

•    The Plan Agent/Trustee will convey the real property described in the Settlement Agreement;

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 4



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

- Grant Construction will withdraw its Proof of Claim in the Bankruptcy in the amount of $163,316.78, consisting of a secured claim in the amount of $96,600 and an unsecured claim for the balance;

- Grant Construction will pay all out-of-pocket costs associated with the transaction set forth in the Settlement Agreement.

- Grant Construction will assume $1,578.52 in unpaid real estate taxes on the Property.

On December 29, 2020, Rick Gray filed an objection to the Proposed Grant Construction Settlement (the "Objection") raising no substantive reason for the Objection, but only seeking more time to evaluate the Proposed Grant Construction Settlement. (Docket No. 404). The filing of the Objection requires CPA to seek court approval of the Proposed Grant Construction Settlement. Therefore, CPA requests that the Court grant this Motion and approve the Proposed Grant Construction Settlement.

## II.   ARGUMENT.

As stated above, the Plan and Grantor Trust Agreement grant CPA the authority to settle matters. In the event of an objection where the amount at issue exceeds $25,000, CPA must obtain court approval of the settlement. Docket No. 286, Ex. 2, §6.3. Settlement of this matter is well within the authority vested in CPA under the Plan and Grantor Trust Agreement. In addition, the Proposed Grant Construction Settlement satisfies the requirements of Federal Rule of Bankruptcy Procedure 9019(a). FRBP

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 5



**Wk  WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

9019(a) provides "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Compromise and settlements are favored under the law and by the Courts. Martin v. Kane (In re A&C Props.), 784 F.2d 1377, 1381 (9th Cir. 1986). Accordingly, the Bankruptcy Court has "great latitude in approving compromise agreements." In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988). In considering approval of settlements, the Court focuses on determining whether the Proposed Grant Construction Settlement is reasonable under the circumstances. Id.

The inquiry "turns on the question of whether the compromise is in the best interest of the estate." Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Atkinson), 242 B.R. 497, 502 (9th Cir. B.A.P. 1999). The Court's role in reviewing settlements under Rule 9019(a) is limited. In re Pac. Gas & Elec., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). The Court does not conduct an exhaustive investigation or conduct a mini-trial on the merits of the issues. Id. Rather, the Court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable. Id. The benchmark is that a settlement agreement must "'not fall below the lowest point in the range of reasonableness.'" Id. at 417 (quoting In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991)).

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 6



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

The Court considers four factors to determine if the settlement is fair, reasonable and adequate:

(a) The probability of success in litigation; (b) the difficulties if any, to be encountered in collection; (c) the complexity of the issues involved, the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Martin v. Kane, (In re A & C Props.), 784 F.2d at 1381. Importantly, "it is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement. Pac. Gas & Elec. Co., 304 B.R. at 417 (citing In re WCI Cable, Inc., 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). As a whole, these factors weigh in favor of approval of the Proposed Grant Construction Settlement.

*A. The Probability of Success in Litigation.*

The Proposed Grant Construction Settlement reflects where the parties would end up after an avoidance action or future pursuant of the Claim. As the Property provides no value to the estate, the Property would likely have been abandoned by the CPA. The avoidance action would likely have been successful as the Judgment was entered well within the look back period set forth in 11 U.S.C. §547. The parties get to the same result with the settlement without the cost and delay of litigation. Accordingly, the Proposed Grant Construction Settlement is a fair and reasonable compromise. Decl. of Brian Birdsall, ¶ 6. As stated above, the authority and discretion to compromise this claim is vested in CPA under the Plan and Grantor Trust Agreement.

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 7



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100       Phone: 509.624.5265
Spokane, Washington 99201-0300       Fax: 509.458.2728

*B. The Difficulties, if Any, to be Encountered in Collection.*

This factor is not relevant under the circumstance here. A money judgment will not be the relief sought by CPA in any litigation with the Grant Construction. Rather, if litigated, this matter will result in an order of this court avoiding the Judgment. No particular difficulty would be encountered in collection because in the event CPA were to prevail in litigation with the Grant Construction, CPA would not be seeking to collect.

C. *Complexity of the Issues, Time and Expense of Litigation, Inconvenience and Delay*

The litigation necessary to avoid the Judgment is not complex. The issues between the Grant Construction and CPA are fairly straight forward. The Proposed Grant Construction Settlement recognizes the reality of the situation and simply puts the parties in the position they would be after lien avoidance and abandonment of the Property. It completely avoids needless delay and expense. This element is clearly satisfied by the settlement.

*D. Interest of Creditors.*

Notably, no **creditor** receiving notice of the Proposed Grant Construction Settlement has objected. In addition, creditors will have the opportunity to object to this Motion in the event they disagree with CPA's view of the Proposed Grant Construction Settlement. Mr. Gray has not filed a proof of claim in this case, and the deadline for doing so has long passed. Mr. Gray's interest is not relevant here. Further, Mr. Gray

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 8



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

doesn't state a substantive reason for the Objection. He simply seeks more time to evaluate the settlement.

The Proposed Grant Construction Settlement is in the best interest of creditors not only because it fully resolves the claim of Grant Construction and because it reduces unsecured claims by $67,316.78. This dollar for dollar increases the likelihood that other unsecured creditors will be paid.

### III. MOTION TO SHORTEN TIME

Pursuant to LBR 2002-1(c)(2) CPA requests that the notice period for the above Motion to Approve Settlement be shortened and that all objections to said motion be filed with the Court and served as set forth in a separate notice. CPA shall file a notice of hearing setting hearing on the above motion at such date and time as the Court may direct. There is good cause for shortening time, including obtaining a determination of the Motion to Approve Settlement with Grant Construction as the objection to the settlement does not set forth a basis for the objection and is part of a long pattern of delay by Rick Gray in payment of his creditors.

### IV. CONCLUSION.

For the reasons set forth above, the Court should approve the Proposed Grant Construction Settlement on shortened time. The Proposed Grant Construction Settlement is fair and reasonable, will benefit creditors, and fully resolve a claim against the estate.

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 9



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

DATED this 31st day of December, 2020.

WITHERSPOON · KELLEY

By: _/s/ Daniel J. Gibbons_
    Daniel J. Gibbons, WSBA #33036
    *Attorneys for Plan Agent,*
    *Critical Point Advisors, LLC*

MOTION TO APPROVE
SETTLEMENT AND MOTION TO
SHORTEN TIME- 10

**Wk** WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728