**So Ordered.**

**Dated: January 11th, 2021**



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 19-00467-FPC11 |
| GRAY LAND & LIVESTOCK, LLC | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| Debtor. | |

THIS MATTER came before the Court on Rick Gray's Motion for Reconsideration (ECF No. 403). The Court reviewed the files and records herein and was fully advised in the premises.

1. Critical Point Advisors ("CPA") was appointed as the Plan Agent in the Second Amended Plan of Liquidation filed on June 18th, 2020. (ECF No. 286).

2. As the Plan Agent, CPA has the power to operate the business[1]; use, sell, or otherwise dispose of the assets of the estate expeditiously and resolve disputed claims[2]; assume or reject executory contracts and unexpired leases[3]; compromise or resolve claims, rights, and actions of the Debtor or the Estate so long as notice is given to creditors if the amount at issue exceeds $25,000[4]; and

---

[1] *Id.* at Page 5.
[2] *Id.* at §4.4c.
[3] *Id.* at §5.1.
[4] *Id.* at Ex. 2, §6.3.

**ORDER DENYING MOTION FOR RECONSIDERATION** – Page 1

may manage and liquidate Trust Assets for the purpose of obtaining the maximum value possible for creditors[5].

3. CPA filed their Motion to Approve Settlement ("CPA Settlement") on November 13, 2020, where it presented a proposed settlement which would resolve all matters between the Estate and the Parents' Trust and would provide a net benefit of to the Estate and creditors valued at approximately $800,000 through cash payments, conveyance of goods, and release of claims held by the Parents' Trust.

4. On December 15th, 2020 the Court held a hearing on the CPA Settlement and Mr. Gray's objection. The Court granted the Motion to Approve Settlement at the hearing and filed an Order on December 16th, 2020 ("CPA Order") (ECF No. 401).

5. Mr. Gray timely filed his Motion for Reconsideration on December 29, 2020, arguing that the Court should reconsider the CPA Order based on his alternative settlement offer which he claimed was "significantly better for creditors and the estate."

6. Upon review of the Motion for Reconsideration and the argument presented therein, the Court finds that the CPA Settlement is still in the best interest of the estate due to its lack of contingencies and overwhelming support from all other interested parties.

7. The Court finds that Mr. Gray has not met the requirements of Fed. R. Bankr. P. 9023 or 9024.

8. As the Bankruptcy Code does not specifically contemplate motions for reconsideration, courts have traditionally treated them as motions to alter or amend a judgment under Fed. R. Civ. P. 59(e)[6] or as motions for relief from a judgment or order under Fed. R. Civ. P. 60(b)[7]. *In re Am. W. Airlines*, 240 B.R. 34, 38 (Bankr. D. Ariz. 1999).

9. Mr. Gray's Motion does not cite any applicable law under which he requests relief. Therefore, the Court has considered both possible options under which a motion for reconsideration may be granted.

---

[5] *Id.* at Ex. 2, §§ 7.2(a), (b)(1), & 7.3(a).
[6] Fed. R. Civ. P. 59 is incorporated via Fed. R. Bankr. P. 9023.
[7] Fed. R. Civ. P. 60 is incorporated via Fed. R. Bankr. P. 9024.

**ORDER DENYING MOTION FOR RECONSIDERATION – Page 2**

10. Motions for reconsideration must be filed with the court no later than 14 days after entry of judgment. Fed. R. Bankr. P. 9023. However, whether or not the motion is filed within 14 days after the entry of judgment, the court can still consider the motion for reconsideration of a final judgment, order, or proceeding, so long as it is filed within one year of the entry of the judgment or order or date of the proceeding. Fed. R. Bankr. P. 9024.

11. Reconsideration under Fed. R. Bankr. P. 9023 is appropriate if: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *S.E.C. v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010). Additionally, "mere disagreement with the court's ruling is not a proper basis for seeking reconsideration under Civil Rule 59(e)." *In re Bayati*, 2015 WL 6470522 at *5 (9th Cir. B.A.P. 2015).

12. Mr. Gray's Motion presents the Court with an alternative offer to the CPA Settlement. However, this offer is not what the Court considers to be "newly discovered evidence," as this alternative offer was discussed at the December 15th, 2020 hearing on the CPA Settlement. Even if this offer is considered newly discovered evidence, Mr. Gray presents no new evidence that this offer is feasible, particularly considering that a majority of the recovery is contingent on realizing proceeds from 2016, 2019, and 2020 wheat crop insurance claims.[8]

13. Mr. Gray's Motion does not present any evidence that the Court committed clear error, or that the Court's initial decision was manifestly unjust. Mr. Gray's contentions that his settlement proposal is "significantly better for creditors and the estate" and that the CPA Settlement did not comply with Section 4.1(d) of the Second Amended Plan were addressed in the CPA Order and at the January 7, 2021 hearing respectively. (ECF No. 410).

14. Additionally, there has been no intervening change in law which has any material effect on the CPA Order. Mr. Gray's Motion fails to satisfy any of the factors for reconsideration under Fed. R. Bankr. P. 9023. As a result, Mr. Gray's Motion should be denied under Fed. R. Bankr. P. 9023.

---

[8] Mr. Gray's proposal would give the bankruptcy estate an estimated value of $1,859,000, of which $1,248,000 consists of wheat crop insurance claims, the recovery which Mr. Gray appears to consider guaranteed based off his Motion and attachments provided.

**ORDER DENYING MOTION FOR RECONSIDERATION –** Page 3

15. Courts may reopen judgments for the following reasons: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which could not have been discovered in time to move for a new trial; fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released, or discharged; or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

16. Mr. Gray's Motion does not present any evidence in support of the 60(b) factors. As a result, Mr. Gray's Motion should be denied under Fed. R. Bankr. P. 9024.

17. The facts of this case disfavor the relief requested in Mr. Gray's Motion. Mr. Gray was the only person to object to the CPA Settlement, while his mother (a major creditor in the case) supported the CPA settlement. Mr. Gray failed to supplement his Objection between November 9, 2020, when his Objection was filed, through December 15, 2020, when the Court approved the CPA Settlement. Mr. Gray had more than sufficient time to find counsel to supplement his motion with this offer, or file the supplement as a *pro se* litigant, but he did neither.

18. Mr. Gray's settlement offer is speculative, as performance relies on 100% recovery of multiple contested insurance claims and Mr. Gray would need to obtain financing to rebuild a burned down home on the Parents' Trust property. In contrast, the CPA Settlement has no contingencies, and is supported by all interested parties other than Mr. Gray in his individual capacity.

19. Nothing raised in Mr. Gray's Motion changes the Court's previous findings and conclusions on which the approval of the CPA Settlement was based. The Court will not reconsider its prior Order as none of the requirements for reconsideration under either Fed. R. Bankr. P. 9023 or 9024 have been established. Therefore,

IT IS ORDERED that Mr. Gray's Motion for Reconsideration (ECF No. 403) is **DENIED**.

///End of Order///

**ORDER DENYING MOTION FOR RECONSIDERATION** – Page 4

19-00467-FPC11    Doc 414    Filed 01/12/21    Entered 01/12/21 09:14:10    Pg 4 of 4